IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01012-GPG

AUSTIN RAY,

    Applicant,

v.

WARDEN DEBORAH DENHAM,

    Respondent.

## ORDER OF DISMISSAL

Applicant Austin Ray initiated this action on May 11, 2015, by filing *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1914(a)." Magistrate Judge Gordon P. Gallagher directed Applicant to file his claims on proper Court-approved forms used in filing a 28 U.S.C. § 2241 action and a request to proceed pursuant to 28 U.S.C. § 1915 in a habeas action.

On May 21, 2015, Applicant filed his claims and a request to proceed without prepayment of fees or security on the same forms that he originally used and was told by the Court that the forms are improper. Applicant, however, indicated to the Court that the forms he used are the only forms provided to him by his case manager. *See* ECF No. 6 at 3. Magistrate Judge Gallagher then entered a Minute Order on May 21, 2015, that directed the Clerk of the Court to send the proper forms to Applicant. Subsequently, on June 2, 2015, Applicant submitted his claims and request to proceed pursuant to § 1915 on proper Court-approved forms. Applicant was granted leave to

proceed pursuant to § 1915 on June 3, 2015.

Applicant asserts that he has been removed from the State of Colorado "pre-parole conditional supervision program" in violation of his due process rights. Application, ECF No. 9, at 2. Applicant further asserts that he is challenging a violation of the Interstate Agreement on Detainers (IAD) and the lack of personal jurisdiction "over his person as a result of failing to comply with rules and regulations required by the [IAD]." *Id.* Applicant specifically sets forth three claims.

In Claim One, he contends that he has a liberty interest in remaining in the State of Colorado pre-parole program, and, therefore, a constitutional right to due process under the Fifth and Fourteenth Amendments. *Id.* at 3. Applicant asserts that he was sentenced on September 30, 2013, to a six-year sentence to be served in the Colorado Department of Corrections. *Id.* On February 6, 2014, however, Applicant claims he was approved to serve his sentence in an approved state community corrections facility, which he was continuing to do after he was denied parole on April 14, 2014. *Id.* Applicant asserts that it was while he was serving his sentence in a community corrections facility that he was arrested by federal IRS agents and taken into federal custody without a writ or previously filed detainer. *Id.* Applicant further asserts that he attempted to address these issues in Case No. 14-cr-00147-MSK-2, on March 2, 2015, but he was told that no issues regarding the IAD would be addressed in that case regarding his jurisdiction and due process claims. *Id.*

In Claim Two, Applicant contends that he could not be brought before a federal court without the federal government complying with the IAD. *Id.* Applicant further asserts that the federal government failed to file a detainer or a writ of habeas corpus ad

prosequendum, and even if this were to be considered an administrative error, no exceptions are made even if it is a "de minimus" violation. *Id.*

In Claim Three, Applicant contends that the sovereign who first acquired custody of a defendant in a criminal case is entitled to custody until the "remedy" against the defendant has been exhausted or the first sovereign agrees to temporarily or permanently relinquish custody. *Id.* at 4. Applicant asserts that he was not taken by the federal government under either scenario because the U.S. Attorney "fabricated a fake detainer and filed false statements claiming that [his] arrest came after he paroled, and therefore the requirement of the writ or the filing of a detainer was unnecessary to obtain his presence in federal court." *Id.*

Applicant also asserts that he attempted to raise the above claims before the trial court on March 2, 2015, but was told he waived "all his rights and that no issues regarding due process as it relate [sic] to these matters, interstate agreement or detainer, and jurisdiction will be addressed in this Case # 14-cr-00147-MSK." *Id.* Applicant seeks reinstatement in the State of Colorado pre-parole conditional supervision program and dismissal of the federal criminal case due to the violation of the IAD and lack of personal jurisdiction. *Id.* at 5.

The Court takes notice of the Docket entries in *Untied States v. Ray*, No. 14-cr-00147-MSK-2 (D. Colo. Filed April 10, 2014). *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.), *cert denied*, 410 U.S. 958 (1973) . An arrest warrant for Applicant was issued on April 10, 2014. *Ray*, No. 14-cr-00147-MSK-2 at ECF No. 4. Applicant made his initial appearance on April 22, 2014,

3

*id.* at ECF No. 6, and at his arraignment and detention hearing on April 25, 2015, he did not contest his detention but reserved argument, *id.* at ECF No. 10.  On March 2, 2015, the date Applicant claims he attempted to address the issues raised in this action, a hearing was held to address pending motions.  ECF No. 130.

Nothing in the minutes indicates the IAD, due process, or jurisdiction issues were addressed by the Court.  The Court did address and deny Applicant's motion to dismiss indictment, but the issues raised in this motion did not include the claims at issue in this action.  *See*, Mot. Dismiss Indictment, ECF No. 88.  Nonetheless, on June 9, 2015, Applicant filed a motion to dismiss in Case No. 14-cr-00147-MSK-2 that asserts the same claims set forth in this action.  *See* ECF No. 170.  The government has responded to the motion, *see* ECF No. 174, and Applicant has filed a reply, *see* ECF No. 178.  This Court, therefore, will refrain at this time from addressing the issues raised in this action pending resolution by the court of the pending motion to dismiss in Case No. 14-cr-00147-MSK-2.  This action will be dismissed without prejudice.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that for the reasons stated above the Application is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  7th  day of    July   , 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court